## JOHN H. STEWART,

*vs.*

SAMUEL R. LAWSON, MORRIS MCDOWELL, HOWARD L. GUY and PHILIP MCDOWELL, late trading as Mc-DOWELL & CO., BENJAMIN C. WELLS and GEORGE S. HAGANY, Sheriff, &c.

*New Castle, Feb. T. 1867.*

Upon the granting of an injunction restraining the Sheriff from applying a fund raised under execution upon judgments alleged to be void, he may be ordered to pay the fund into the Court of Chancery to be there disposed of. And upon dissolution of the injunction, so much of the fund as has not been disposed of by this Court will be paid back to the Sheriff, to be disposed of according to law.

Injunction Bill before the new rules of 1868, not signed by complainant, but his name written thereunder by her counsel.*

INJUNCTION BILL.—The bill was filed to restrain the defendant Hagany from paying over a certain fund in his hands, being the proceeds of sale under executions issued upon certain judgments against the defendant and Lawson, who had been the partner of the complainant. The first executions were those of McDowell & Co., for $2196.15 and $1530 respectively. The proceeds of sale in the Sheriff's hands amounted to $2700.17. The execution which

---

* A case in the United States Circuit Court recently determined (1883), made the practice, before the new rules of 1868, respecting signature of bills, a question of some interest.

In that case, *Wagner v. Myers*, an injunction was dissolved on motion because the bill was not signed by the complainant. This led to some examination of the practice of the State Court of Chancery on this subject prior to the adoption of the present rule 20 and has suggested a reference to the subject in this and the following case, which are reported for other purposes.

4—DEL. CH. IV.

had been next placed in the Sheriff's hands was that of the defendant Wells for $340, and then followed that of the complainant for $4535, which was under a judgment entered upon a bond given for the balance found to be due upon an accounting after dissolution of the partnership.

The bill alleged that upon both judgments of McDowell & Co., there was really due only a balance of about $1,500, although they claimed to be entitled to the whole fund in the Sheriff's hands as applicable to their executions and that the full amounts thereof were due and unpaid. If these executions were so reduced, a part of the fund would be applicable to the complainant's execution.

The prayer was, that the judgments of McDowell & Co., might be declared void, and for injunction and further relief.

The bill was not signed by the complainant, his name being written by his Solicitors with the addition "*by Bradford & Higgins his Solicitors*," but it was sworn to by the complainant.

Upon filing the bill and on motion of *Bradford* and *Higgins*, for the complainant, an injunction was awarded and it was further ordered "that George S. Hagany, late "Sheriff of New Castle County, one of the respondents in "this bill, do deposit in the Farmers' Bank at New Cas-"tle, to the credit of this Court, what may remain, after ".deducting costs, of the whole amount of money made "by him under the two writs of *fieri facias* in the bill men-"tioned," &c.

The fund was accordingly paid into Court and immediately after, upon agreement of counsel, and on motion of *Patterson*, for the defendants, McDowell & Co., the sum of $1500, out of the fund in Court, was ordered to be paid to McDowell & Co.

Subsequently the case was disposed of by a consent decree dismissing the bill, dissolving the injunction and

ordering the balance of the fund in Court to be paid back to the late Sheriff to be by him disposed of according to law.